# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand

Before the Court is Plaintiff Brian Keim's ("Plaintiff") motion to remand. *See* Dkt. # 20 ("*Mot.*"). Defendant Trader Joe's Company ("Defendant") has opposed this motion, and Plaintiff replied. *See* Dkt. # 25 ("*Opp.*"); Dkt. # 26 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motion.

I. Background

This case involves an alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA"). Plaintiff used his debit card at Defendant's store in Palm Beach Gardens, Florida. *See Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶ 29. After Plaintiff used the card, a store employee provided him with a receipt bearing the first six and last four digits of his debit account number. *See id.* ¶ 30. Plaintiff alleges that printing this information invaded his privacy, breached his confidence in Defendant's handling of his information, and increased his risk of identity theft, all of which violate his rights under FACTA. *See id.* ¶¶ 2, 33–34.

On October 16, 2019, Plaintiff filed this putative class action in Los Angeles County Superior Court.[1] *See generally id.* He brings a single cause of action for violation of the FACTA, 15 U.S.C. § 1681(c)(g). *See id.* ¶¶ 63–71. Plaintiff does not seek actual damages, but instead seeks statutory damages, punitive damages, and attorneys' fees. *See id.* ¶ 71. Defendant

---

[1] Plaintiff originally filed an identical action in the United States District Court for the Southern District of Florida. *See* Dkt. # 5-1. However, after Plaintiff brought this motion to remand, he voluntarily dismissed the Florida action the next day. *See Declaration of Dawn Sestito*, Dkt. # 25-2, ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

removed the action to this Court on November 27, 2019. *See generally Notice of Removal*, Dkt. # 1 ("*NOR*").

Plaintiff now moves to remand, alleging that Defendant has not demonstrated Article III standing. *See generally Mot.*

II.     Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

Article III standing bears on the court's subject matter jurisdiction and is therefore subject to challenge under Federal Rule of Civil Procedure 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). A plaintiff must "have 'standing' to challenge the action sought to be adjudicated in the lawsuit." *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). The "irreducible constitutional minimum" of Article III standing has three elements: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). In this case Defendant, as the party asserting federal jurisdiction, bears the burden of establishing Plaintiff's Article III standing. *See id.* at 561.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

III.    Discussion

        A.    Whether Plaintiff has Standing

Plaintiff argues that he does not have Article III standing because he has not pleaded an actual injury. *See Mot.* 1–2. Defendant responds that Plaintiff has alleged actual injury, and therefore has standing, because Plaintiff alleges that partial disclosure of his credit card number exposed him to a heightened risk of identity theft and forced him to safeguard the receipt. *See Opp.* 4–5. Further, Defendant's employee handed Plaintiff the receipt, which means that Defendant's disclosure practice could have exposed Plaintiff's financial information to the employee and anyone else who saw the receipt. *See id.* 4.

The Court disagrees with Defendant that Plaintiff alleges an actual injury. Defendant's argument fails first because the Ninth Circuit has held, in the FACTA context, that a heightened risk of identity theft serves merely as a "potential for exposure to actual injury," which "do[es] not entail a degree of risk sufficient to meet the concreteness requirement" and is "too speculative for Article III purposes." *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 777, 783 (9th Cir. 2018) (finding insufficient allegations that plaintiff was exposed "to identity theft and credit/debit fraud," because he was at "imminent risk" that his "property would be stolen and/or misused by identity thieves," but "did not allege that a second receipt existed, that his receipt was lost or stolen, or that he was the victim of identity theft"); *see also Mendoza v. Pac. Theatres Entm't Corp.*, No. CV 19-09175 CJC JCX, 2019 WL 6726088, at *1 (C.D. Cal. Dec. 10, 2019) (holding that an alleged "elevated risk of identity theft" due to a FACTA violation was not concrete or particularized).

Next, the exposure of Plaintiff's financial information to Defendant's employee similarly fails to create injury-in-fact. Defendant attempts to distinguish *Bassett* because there no third party handed the receipt to the plaintiff, whereas here an employee handed Plaintiff his receipt and could have seen the information. *See Opp.* 7:17–22 (citing *Compl.* ¶ 33); *see Bassett* 883 F.3d at 782–83. The Court is not persuaded. The fact that the employee possibly saw the information, absent any further allegations that the employee actually saw or acted on it, is insufficient to confer standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 (2013) (injury is not "certainly impending" where it will not materialize absent a "speculative chain of possibilities"). Even if Plaintiff alleged that the employee saw the receipt, "the Court is not convinced that such an allegation would in fact constitute an identifiable harm, given that the employee who handed the receipt presumably did so after Plaintiff voluntarily provided his credit card, where the expiration date was displayed (as well as all of the other financial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

information such as the credit card number and its security code), to the employee for processing." *See Garcia v. Kahala Brands*, *LTD.*, No. CV 19-10062-GW-(JEMx), 2020 WL 256518, at *2 (C.D. Cal. Jan. 16, 2020).

Lastly, in line with the Ninth Circuit in *Bassett* and other courts within this District, the Court finds that the alleged actions Plaintiff had to take "to safeguard the receipt" do not confer standing. *See Compl.* ¶ 32. As the Ninth Circuit held in *Bassett*, Plaintiff has not alleged "that any risk of harm is real, not conjectural or hypothetical, given that he could shred the offending receipt along with any remaining risk of disclosure." *See Bassett*, 883 F.3d at 783 (internal quotation marks omitted); *see also Garcia*, 2020 WL 256518, at *3 ("Plaintiff's allegation that he had to take extra precaution to safeguard the receipt is not sufficient to confer standing."); *Anton v. Prospera Hotels, Inc.*, CV 19-534-CBM-SHKx, 2019 WL 4266528, at *2 (C.D. Cal. July 18, 2019) (allegation that plaintiffs were "forced . . . to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen in an age when identity thieves have increasingly sophisticated methods and technology" was insufficient to confer standing).

Ultimately, Plaintiff cannot satisfy the first prong, injury-in-fact, and therefore lacks Article III standing.

### B. Whether Remand or Dismissal Is Appropriate

Defendant argues that if the Court finds that Plaintiff does not have standing, it should dismiss the action because it cannot allege Defendant's willfulness, which is required to state a claim for statutory damages under the FACTA. *See Opp.* 9–15.

"[A] removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016); *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 n.6 (9th Cir. 2018) ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."). "Remand is the correct remedy" when a district court lacks subject-matter jurisdiction, because "the *federal* courts have no power to adjudicate the matter," while "[s]tate courts are not bound by the constraints of Article III." *Polo*, 833 F.3d at 1196 (citing *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989)).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

Consistent with *Polo*, the Court finds that remand is appropriate. The Ninth Circuit was clear in *Polo*: "a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c)." *See id.* This result makes sense because once the Court determines that it lacks Article III standing, any ruling on the merits would move the Court beyond its constitutional reach. *See Lujan*, 504 U.S. at 561. Since the California Constitution does not contain a "case or controversy" requirement like the one in the Federal Constitution, Plaintiff may fare better in state court. *See Nat'l Paint & Coatings Ass'n, Inc. v. State*, 58 Cal. App. 4th 753, 760–61 (1997). However, whether Plaintiff has pleaded a willful FACTA violation is not for this Court to decide.

As such, the Court **GRANTS** Plaintiff's motion to remand.

C.      Attorneys' Fees

Where a plaintiff is successful on a remand motion, the court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has specified that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Plaintiff's request for attorneys' fees is denied because the Court does not find that removal was objectively unreasonable. Defendant based the removal on Plaintiff's federal cause of action under FACTA. *See generally NOR*. Attorneys' fees are not warranted when the complaint makes multiple references to federal law. *See Ybarra v. Universal City Studios, LLC*, No. CV 13-4976 PSG AJWX, 2013 WL 5522009, at *7 (C.D. Cal. Oct. 2, 2013) (refusing to award attorneys' fees where gravamen of complaint was allegation under federal law with numerous references to that law). Even though Defendant's arguments for removal fail, they show that Defendant had an objectively reasonable basis for removing.

Thus, the Court **DENIES** Plaintiff's request for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10156 PSG (MRWx) | Date | February 5, 2020 |
|---|---|---|---|
| Title | Brian Keim v. Trader Joe's Company | | |

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand. Accordingly, the case is **REMANDED** to Los Angeles Superior Court (No. 19STCV36790).

This order closes the case.

**IT IS SO ORDERED**